**STATE, ex rel. SHERRICK, d. b. a. FREMONT ENGINEERING COMPANY, Relator, v. PECK, Tax Commr., Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 4687. Decided November 13, 1951.

Dale D. Rapp, Columbus, for relator.
C. William O'Neill, Atty. Genl., Thomas R. Lloyd, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By THE COURT.

This is an action in mandamus in which the relator is seeking an order directing the respondent to receive and accept his petition for reassessment and to grant him a hearing as provided by law. In his petition the relator states that the respondent, Tax Commissioner, has made a certain assessment against him; that notice of the same was mailed to him by respondent by registered mail on the 16th day of April, 1951; that subsequent thereto the relator prepared a petition for reassessment in the form prescribed by statute and mailed the petition to the respondent on the 16th day of May, 1951, by registered mail with the return receipt requested; that said return receipt indicated that the petition for reassessment was received by the respondent on the 18th day of May, 1951. The respondent has filed a demurrer to the petition alleging noncompliance with §5546-9a GC, which is in part as follows:

"In such cases the commissioner shall have power to make an assessment against such vendor or consumer, based upon any information within his possession, or that shall come into his possession. The commissioner shall give to the vendor or consumer, written notice of such assessment. Such notice may be served upon the vendor or consumer personally or by registered mail.

   * * *      * * *      * * *

"Unless the vendor or consumer, to whom said notice of assessment is directed, shall, within thirty days after service thereof, either personally or by registered mail, file a petition in writing, verified under oath by said vendor, consumer, or his duly authorized agent, having knowledge of the facts, setting forth with definiteness and particularity the items of said assessment objected to, together with the reason for such objections, said assessment shall become and be deemed conclusive and the amount thereof shall be due and payable, from the vendor or consumer so assessed, to the treasurer of state. In every case where a petition for reassessment as above described, shall be filed, the commissioner shall assign a time and place for the hearing of same and shall notify the petitioner thereof by registered mail, but the commissioner shall have the power to continue the same from time to time as may be necessary.

   * * *      * * *      * * *"

The relator urges that the demurrer should be overruled for two reasons: First, that under §5546-9a GC, relator is entitled to actual notice of the order making the assessment; that he is entitled to be served personally with a registered letter and not some member of his family; second, that by mailing his petition for reassessment by registered mail he complied with the statute as of the day and hour that he deposited said registered letter in the United States Post Office.

We are of the opinion that the second ground amply supports the relator's position; that his petition was seasonably filed with the respondent. **Sec. 10216 GC** provides that the time within which an act required by law to be done shall be computed by excluding the first day and including the last. In construing §5546-9a GC it will be noted that the real question presented is the date of the filing of the petition with the respondent. Was this on May 16th, the date of the mailing of the registered letter, or was it on May 18th, the date of its receipt by the respondent? We are of the opinion that the Legislature gave the vendor two methods of filing his petition: One, by filing it personally in the office of the Tax Commissioner; and the other, by depositing it in the United States Post Office; that the Legislature by giving the vendor the latter method thereby made the United States Post Office their agent for receiving the petition and that when the petition was once deposited in the mail it must be considered filed as provided by this statute. It is stated in **30 O. Jur., page 256**:

"Notice may be given merely by the proper mailing of a written notice where it is so stipulated; and in such case the failure of the letter to reach its destination will be immaterial."

Also, in 42 Amer. Jur., page 48, we find the following:

"Service of process by mail, when authorized, is deemed complete when the return is deposited in the Post Office properly addressed, and with the proper amount of postage. And it is sufficient if it is deposited in the mail on the last day allowed for service, although it is not received by the other party until after that date."

It is therefore our conclusion that under §5546-9a GC the petition was filed with the respondent on May 16, 1951, and was therefore seasonably filed.

The demurrer will be overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.